IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ELAINE BROWN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-032-O |
| | § | |
| JODY UPTON, Warden, | § | |
| FMC-Carswell, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court are federal prisoner Elaine Brown's ("Brown") petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1), the FMC-Carswell Warden's response with appendix (ECF Nos. 10–11), and Brown's reply (ECF No. 12). After considering the relief sought by Brown, the record, related briefing, applicable law, and Brown's reply, the Court concludes that Brown's § 2241 petition should be and is hereby **DISMISSED** for lack of jurisdiction.

I.  BACKGROUND

Brown was convicted in the United States District Court for the District of New Hampshire of the following: conspiracy to prevent officers of the United States from discharging their duties in violation of 18 U.S.C. § 372 (count 1); conspiracy to commit offenses against the United States in violation of 18 U.S.C. §§ 111(a) and (b) and § 371 (count 2); using or carrying a firearm or destructive device in connection with a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(I) and (ii), § 924(c)(1)(B)(ii), and § 921(a)(3) and (4) and 2 (count 4); being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2) (count 6); obstruction of justice in violation of 18 U.S.C. § 1503 (count 8); and failing to appear for sentencing in violation of 18 U.S.C. § 3146(a)(1) and (b)(1)(A)(ii) (count 11). App. 1–2, ECF No. 11 ( J., *United States v. Elaine*

*Brown*, No. 1:09-cr-030-GZS (D. N.H. Oct. 2, 2009), ECF No. 218). She was sentenced to a total term of 420 months' imprisonment. *Id.* at 3. Brown's conviction and sentence were affirmed on direct appeal to the United States Court of Appeals for the First Circuit. *United States v. Brown*, 669 F.3d 10 (1st Cir. 2012). Brown has an extensive post-conviction history. Resp. 3, ECF No. 10.

## II.   CLAIM FOR RELIEF

In this § 2241 petition, Brown challenges her conviction for using, carrying or possessing a firearm or destructive device during a crime of violence, in violation of 18 U.S.C. § 924(c), under a theory that the statute's "crime of violence" predicate is now invalid as unconstitutionally vague. Pet. 9–12, ECF No. 1.

## III.   SUMMARY DISPOSITION

In response to Brown's claim to relief under § 2241, the Respondent sets forth the law regarding the 28 U.S.C. § 2255(e) savings clause, and recites that Brown has not demonstrated that the right to seek relief under § 2255 is "inadequate or ineffective" in order for her to test the legality of her detention under 28 U.S.C. § 2241. Resp. 4–8, ECF No. 10. As such, the Respondent argues that this § 2241 petition must be dismissed for lack of jurisdiction. *Id.* at 9, ECF No. 10.

In her reply, Brown acknowledges that the Respondent is correct:

Respondent's rebuttal is: there is no rebuttal.

After carefully perusing the Government's opposition to 2241, Petitioner has become aware that the Government's position is correct: the issues raised by the Petitioner are better served by a 2255, not a 2241.

One cannot argue the truth; thus, regrettably, Petitioner must acquiesce to the Government's argument, and seek relief elsewhere.

Petitioner thanks the Court and the Respondent for their consideration.

Reply 1, ECF No. 12. Because petitioner Brown concedes that the Respondent's arguments are

correct, the Court finds and concludes that Brown's petition under 28 U.S.C. § 2241 must be dismissed for lack or jurisdiction, for the reasons stated in the response.

## IV. CONCLUSION and ORDER

Accordingly, it is **ORDERED** that Elaine Brown's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction.

**SO ORDERED** on this **17th day** of **May, 2019**.

*/s/ Reed O'Connor*
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**